B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THOMAS C. BOSCARINO, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br>POST UNIVERSITY, INC.<br>800 Country Club Road, Waterbury, CT 06708 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Elizabeth D. Katz, Esq. Rescia, Katz, & Shear, LLP<br>5104A Bigelow Commons, Enfield, CT 06082<br>Tel: 860-452-0052 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>This action is being brought pursuant to 11 U.S.C. §§ 544, 550 and 551 to avoid and recover Fraudulent Transfers | |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ $78,731.00 |
| Other Relief Sought<br>The Trustee requests that the payment of the filing fee be deferred until the conclusion of this case. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>STACEY HOOKS | BANKRUPTCY CASE NO.<br>15-20836 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Hartford | NAME OF JUDGE<br>Nevins | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>May /2, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Elizabeth D. Katz. Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re:<br>　　Stacey Hooks<br>　　Debtor<br><br>THOMAS C. BOSCARINO, CHAPTER 7 BANKRUPTCY TRUSTEE<br>　　Plaintiff,<br>v.<br>POST UNIVERSITY, INC.<br>　　Defendant. | Case No. 15-20836(AMN)<br><br>Chapter 7<br><br>Adversary Proceeding No. |

## COMPLAINT

## JURISIDICTION AND VENUE

1. This complaint initiates an adversary proceeding pursuant to §§ 544, 550 and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1). The complaint seeks to avoid and recover constructive fraudulent transfers of the Debtor's property made to or for the benefit of the Defendant.

2. This Court has jurisdiction, under 28 U.S.C. §§ 157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Bankruptcy Court").

3. The matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(B) (E)(H) and (O).

4. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

## PARTIES

5. The Plaintiff, Thomas C. Boscarino, is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Stacey Hooks ("Plaintiff" or "Trustee"). The Trustee has a usual place of business of Boscarino, Grasso & Twachtman, LLP, 628 Hebron Avenue, Suite 301, Glastonbury, Connecticut 06033.

6. The Debtor, Stacey Hooks, ("Debtor"), is an individual who resides at 72 Pershing Street, Hartford, Connecticut 06112.

7. The Defendant, Post University, Inc. ("Defendant University") is a for-profit university located at 800 Country Club Road, Waterbury, Connecticut, 06708, and is a Delaware corporation with its registered agent, Corporation Service Company, 50 Weston Street, Hartford, Connecticut 06120-1537.

## FACTS

8. On May 12, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

9. The Debtor is the parent of Marnise Tucker and Micai Tucker, (the "Tuckers"), who at all relevant times to this complaint were over the age of 18 years of age.

10. Upon information and belief, Tuckers were students at the Defendant University.

11. Upon information and belief, the Debtor obtained Parent Plus loans that were disbursed to Defendant University for the benefit of the Tuckers.

12. During the entire period from September 21, 2011, through February 5, 2013, the Debtor was insolvent.

13. From September 21, 2011, through February 5, 2013, the Debtor had unreasonably small capital.

14. From September 21, 2011, through February 5, 2013, the Debtor was unable to pay all her debts as they became due.

## COUNT I

### UFTA CONSTRUCTIVE FRAUDULENT TRANSFERS
### 11 U.S.C. § 544(b)(1), Conn. Gen. Stat. §§ 52-552e(a)(2) and 52-552f(a)

15. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 14 above with the same force and effect as if fully set forth herein.

16. On the following dates, the Debtor made the following transfers, (the "Transfers"), to the Defendant to pay for Tuckers' tuition and/or other school related expenses.

   a. Date: February 5, 2013         Amount: $10,006.00

   b. Date: February 5, 2013         Amount: $10,006.00

   c. Date: September 24, 2012       Amount: $10,005.00

   d. Date: September 24, 2012       Amount: $10,005.00

   e. Date: February 2, 2012         Amount: $9,848.00

   f. Date: February 2, 2012         Amount: $9,458.00

   g. Date: September 21, 2011       Amount: $9,945.00

   h. Date: September 21, 2011       Amount: $9,458.00

   **TOTAL: $78,731.00**

17. The Transfers were made on or within four years before the Petition Date.

18. The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

19. The Transfers were effectuated when: (a) the Debtor was engaged, or was about to engage, in a business or transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction; and/or (b) the Debtor intended to incur, or believed or reasonably should have believed that she would incur debts beyond her ability to pay as they became due; and/or the Debtor was insolvent or the Debtor became insolvent as a result of the Transfers.

20. At the time of the Transfers, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

21. At the time of the Transfers, the Debtor intended to incur, or believed that she would incur, debts that would be beyond her ability to pay as such debts matured.

22. The Transfers constitute fraudulent transfers within the meaning of, and in violation of the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§ 52-552e(a)(2) and/or 52-552f(a).

23. As a direct and proximate result of the Transfers, the Debtor, her Estate and her creditors have suffered money damages.

24. At the time of the Transfers, there have been creditors who have held and still hold matured or unmatured claims against the Debtor that were and are allowable under § 502 of the Bankruptcy Code or that were and are not allowable under § 502(e) of the Bankruptcy Code.

25. Upon information and belief, at the time of the Transfers, the Debtor owed unsecured debt to, including but not limited to, CL&P, Connecticut Natural Gas, Connecticut Valley Radiology, Macy's, Manchester Memorial Hospital and Riccardo Ambrogio, DDS.

26. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

27. The Trustee, on behalf of the Debtor's Estate, is entitled to avoid the Transfers, to have them set aside and to recover the Transfers, or the value thereof, pursuant to Conn. Gen. Stat. §§ 52-552e(a)(2), 52-552f(a) and 52-552h(a) from the Defendant.

## COUNT II

### AUTOMATIC PRESERVATION OF AVOIDED TRANSFER
### 11 U.S.C. § 551

28. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 26 above with the same force and effect as if fully set forth herein.

29. Pursuant to § 551 of the Bankruptcy Code, any transfer avoided under § 544 of the bankruptcy code is preserved for the benefit of the Bankruptcy Estate.

## COUNT III

### LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER
### 11 U.S.C. § 550

30. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 29 above with the same force and effect as if fully set forth herein.

31. Pursuant to § 550(a) of the Bankruptcy Code, the Trustee may recover an amount equivalent to the value of the UFTA and § 544 claim, from the Defendant.

**WHEREFORE**, the Plaintiff, Thomas C. Boscarino, Trustee, respectfully requests that the Court enter Judgment for the Trustee and against the Defendant as follows:

1. Judgment in an amount not less than $78,731.00 in favor of the Trustee;
2. An award of interest, costs and attorney's fees; and
3. Such other relief as the Court deems just and proper.

                                                    THOMAS C. BOSCARINO,  
                                                    TRUSTEE IN BANKRUPTCY OF  
                                                    STACEY HOOKS  
                                                    BY HIS COUNSEL,

Dated:

                                                    By: /s/Elizabeth D. Katz  
                                                    Elizabeth D. Katz, Esq.  
                                                    Fed. Bar No.: CT2919  
                                                    Rescia, Katz & Shear, LLP  
                                                    5104A Bigelow Commons  
                                                    Enfield, MA 06082  
                                                    (860) 452-0052  
                                                    F: (888) 970-8388  
                                                    liz@ctmalaw.com